IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
Case No. 1:25-cv-14833

SM ENTERTAINMENT CO., LTD.,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

Defendants.

_____/

Judge: Honorable Matthew F. Kennelly
Magistrate: Honorable Keri L. Holleb Hotaling

**DEFENDANT EVERRISE'S OPPOSITION TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION**

Defendant EVERRISEE (Seller ID: A16SIHV16BCBRJ, "Defendant"), by and through undersigned counsel, respectfully opposes Plaintiff's Motion for Preliminary Injunction [DE 34]. Defendant has appeared [Dkt. Attorney Appearance] and submits this Opposition on its own behalf only.

**I. INTRODUCTION**

Plaintiff seeks a broad preliminary injunction and continued asset restraint against hundreds of unrelated Amazon sellers. As to Defendant, sales were minimal (104 units, total ~$956 gross), with no evidence of counterfeiting, consumer complaints, or ongoing activity post-TRO. The restraint (~$88,785) vastly exceeds any alleged harm, causing undue hardship. Plaintiff fails to meet the high burden for injunctive relief against this low-volume seller.

## II. LEGAL STANDARD

A preliminary injunction requires: (1) likelihood of success; (2) irreparable harm absent injunction; (3) balance of equities favoring plaintiff; and (4) public interest. Winter v. NRDC, 555 U.S. 7 (2008). In trademark cases, no presumption of irreparable harm post-*eBay Inc. v. MercExchange* (applied in Lanham Act contexts).

## III. ARGUMENT

**1. No Irreparable Harm to Plaintiff from Defendant**

Defendant's de minimis sales (~$956) pose no material threat to Plaintiff's goodwill or market. No evidence of confusion, diversion of sales, or reputational damage specific to Defendant. Post-TRO (Dec. 18, 2025), listings are down—no ongoing harm. Monetary damages (if any) are calculable and compensable.

**2. Balance of Equities and Public Interest Favor Denial or Limitation**

Continued broad restraint disproportionately harms Defendant (small seller, funds frozen far exceeding sales). Public interest disfavors overbroad relief freezing assets without proven need. Injunction should be tailored—if granted at all—to actual harm.

3. Plaintiff Unlikely to Succeed on Merits Against Defendant

  - Insufficient evidence Defendant sold counterfeits (vs. genuine resale or parallel imports).

  - Low volume suggests no willfulness.

  - Potential nominative/descriptive use or first sale doctrine defenses.

  - Personal jurisdiction/joinder issues in multi-defendant Schedule A cases (argue if applicable).

**4. Asset Restraint is Excessive and Should Be Lifted/Revised**

Frozen amount (~$88k) bears no relation to Defendant's sales (~$956). Request immediate release of excess funds and limitation to reasonable bond/security. The damages of alleged trademark infringement usually comprise the following:

**a. Defendant's Profits (Disgorgement)**

Plaintiff proves your gross sales from accused products; you deduct provable costs for net profit. Here, the profit is minimum with total sales of $956.

**b. Plaintiff's Actual Damages**

It covers lost sales, harm to reputation, or corrective advertising. Plaintiff has to prove direct economic loss (e.g., diverted sales or price erosion). It is hard to establish in small-scale cases without evidence of confusion or significant impact—often resulting in low or zero awards.

**c. Reasonable Royalty**

Hypothetical licensing fee you would have paid for legitimate use.

With low sales, the hypothetical royalty shall be low.

**d. Enhanced Damages**

Courts triple profits or actual damages if willful (intentional/knowing) infringement occurs.

**e. Statutory Damages (Counterfeiting Cases Only)**

In this case, Defendant did not willfully use the mark of Plaintiff.

Thus, the fund frozen in an amount of $88K is excessive.

## IV. CONCLUSION

Plaintiff fails to justify preliminary injunctive relief against Defendant. The Motion should be denied as to EVERRISEE, or limited narrowly, with excess restrained assets released.

Dated: Jan. 1, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu
The Law Offices of James Liu PLLC
30 N LaSalle St, Ste 1510
Chicago, IL 60602
Telephone: 305-209-6188
FL Bar No. 1007675
Attorney for Defendant EVERISEE

## CERTIFICATE OF SERVICE

I hereby certify that on Jan. 1, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. I further certify that I have served a courtesy copy on Plaintiff's counsel via email.

/s/ Jianyin Liu
Jianyin Liu